In the Matter of the Application of CHARLES E. S. SIMPSON, a Student at Law, for an Order Permitting him to Be Admitted to Examination.

ATTORNEYS — WHEN APPLICANT FOR ADMISSION TO THE BAR IS NOT ENTITLED TO EXAMINATION UNDER RULE ADMITTING ATTORNEYS LICENSED TO PRACTICE IN ANOTHER STATE. An applicant for admission to the bar who has resided in this state continuously for the past ten years, is not a graduate of a college or university and has not passed the regents examination, nor in any manner furnished the evidence of the educational qualifications required by the rules for the admission of candidates, although he has been licensed to practice law in the state of New Jersey and has practiced therein for at least one year from the date of his admission, and has served a clerkship for nearly ten years in the office of an attorney in the city of New York who also had an office and practiced law in New Jersey, does not come within rule 4 admitting those licensed to practice in another state who have "remained therein as practicing attorneys for at least one year," provided they have since pursued the study of law for one year within this state, because he has not "remained" in the state of New Jersey as a practicing attorney for the requisite period, the words "remained therein," as used in the rule, implying residence in the state where the candidate was admitted during the year that he is required to practice therein; and since he could not at the same time be a clerk in New York and a lawyer in New Jersey, he must be recognized in his former capacity only, and his application for an examination denied.

(Submitted June 3, 1901; decided June 11, 1901.)

*Joseph Parker, Jr.*, for application.

*Franklin M. Danaher* opposed.

VANN, J.   This application is in the nature of an *ex parte* appeal from the decision of the state board of law examiners refusing to admit the petitioner to an examination for admission to practice as an attorney and counselor at law.   From the affidavits and certificates presented to the board it appears that the petitioner has resided in the city of Brooklyn, state of New York, continuously for the past ten years; that he is not a graduate of a college or university and has not passed the regents examination, nor in any manner furnished the evidence of the educational qualifications required by our rules of candidates for admission to the bar.   It appears, however, that on the 27th of February, 1899, while he was a resident of this state, he was licensed to practice law in the several courts of the state of New Jersey, and that he practiced as an attorney at law in the highest court of original jurisdiction in that state "for the period of at least one year from the date of his admission to practice" therein.   It also appears that from April 30th, 1891, until March 1st, 1901, he "served a clerkship" in the office of an attorney in the city of New York, who also had an office and practiced law in the state of New Jersey.   He bases his claim of right to examination upon the last clause of rule 4, which provides that "persons who have been admitted as attorneys in the highest court of original jurisdiction of another state or country, and have remained therein as practicing attorneys for at least one year, may be admitted to such examination after a period of law study of one year within this state."

The petitioner does not come within the rule, because he has not, according to any reasonable construction, "remained" in the state of New Jersey as a practicing attorney for the requisite period.   The words "remained therein," as used in the rule, imply residence in the state where the candidate was admitted during the year that he is required to practice therein.   The regents examination cannot be evaded by secur-

ing a license to practice in another state, and practicing there without change of residence. Such a construction would lead to evasions and tend to subvert the principle upon which the rule is founded. Our rules require a thorough study of the law after the mind has been somewhat matured by a fair academic education. An exception is made in favor of those who have been admitted to practice in another state and have "remained therein as practicing attorneys for at least one year," provided they have since pursued the study of law for one year within this state. The petitioner has not conformed to the exception, because he could not at the same time be a clerk in New York and a lawyer in New Jersey. We can recognize him in the former capacity only, and hence must deny his application.

PARKER, Ch. J., BARTLETT, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Application denied.